# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERT LEUNG,                                    No. CIV S-10-2293-JAM-CMK-P

      Petitioner,

  vs.                                         FINDINGS AND RECOMMENDATIONS

GARY SWARTHOUT,

      Respondent.

_____/

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 16).

      Petitioner challenges a prison disciplinary guilty finding, raising the following specific claims:

| | |
|---|---|
| Claim 1 | Failure of prison officials to properly classify the rules violation, apply the "constructive possession" standard, and failure to satisfy the state's "preponderance of the evidence" standard, or the federal "some evidence" standard, and failure to assign an investigative employee, or comply with department policy by not conducting an investigation, denied due process. |
| Claim 2 | Improperly finding petitioner guilty violated his protected liberty interest in parole. |

Petitioner seeks restoration of lost good-time credits as well as expungement of the rules violation. Respondent argues that the petition is now moot because petitioner's lost good-time credits have been restored.

"A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'" Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Based on the jurisdiction requirement in § 2254 cases that a petitioner be in "custody" at the time of seeking habeas relief, a claim is potentially moot if the very "custody" the petitioner challenges terminates. See Spencer, 523 U.S. at 7; Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). When the challenged "custody" has terminated, a petitioner may nonetheless avoid dismissal of a habeas petition as moot if "some concrete and continuing injury other than the now-ended ["custody"] – some 'collateral consequence' of the conviction" remains. Spencer, 523 U.S. at 7.

"Collateral consequences" are burdens which flow from the petitioner's conviction, thereby giving the petitioner a substantial stake in the judgement which survives the satisfaction of the sentence. See Carafas v. LaVallee, 391 U.S. 234, 237 (1968). The existence of collateral consequences sufficient to avoid mootness can be either presumed or proven. See Spencer, 523 U.S. at 8. Collateral consequences are presumed when the petitioner attacks a criminal conviction. See id. Such a presumption, however, does not apply where the petition challenges the revocation of parole. See id. at 14. Nor does the presumption apply where the petition challenges a prison disciplinary proceeding. See Wilson, 319 F.3d at 480. Collateral consequences, where not presumed, can be proven. For example, in the prison disciplinary context, collateral consequences can be proven if the petitioner can show consequences which are not speculative or ephemeral but are likely to result from the disciplinary action being challenged. See Wilson, 319 F.3d at 481 & n.4.

The court agrees with respondent that the petition was mooted by the restoration of good-time credits. Because credits were restored, the petition no longer challenges either the

1 fact or duration of petitioner's confinement.  As such, no remedies remain available in habeas
2 corpus.  In his opposition, petitioner asserts that the adverse disciplinary finding constitutes a
3 collateral consequence with respect to any future parole consideration.  He contends: "The stain
4 of Leung's Serious Rules Violation Report . . . on Leung's parole eligibility prospects persists
5 despite the credit restoration; therefore this petition is not moot."  The court finds that such a
6 claim is too speculative to avoid mootness.  Specifically, petitioner has not made any specific
7 showing that expungement of the adverse disciplinary finding from his prison file would likely
8 result in an earlier release at a future parole hearing.  See id.  Moreover, in the parole context,
9 petitioner cannot be heard to challenge the quantum of evidence presented so long as he has been
10 provided notice and an opportunity to be heard which, of course, is impossible to determine for
11 parole proceedings which have not yet occurred.  See Swarthout v. Cooke, 562 U.S. ___, 2011
12 WL 197627, at *2 (Jan. 24, 2011) (per curiam)

13 Based on the foregoing, the undersigned recommends that respondent's motion to
14 dismiss (Doc. 16) be granted.

15 These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
17 after being served with these findings and recommendations, any party may file written
18 objections with the court.  Responses to objections shall be filed within 14 days after service of
19 objections.  Failure to file objections within the specified time may waive the right to appeal.
20 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE